Argued and submitted December 7, affirmed December 30, 1992, reconsideration denied March 24, petition for review pending 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## BILLY EDWARD THOMAS,
*Appellant.*

(10-91-08155; CA A73756)

844 P2d 936

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction for sodomy in the first degree. ORS 163.405. He pled guilty to the charge and was sentenced to 58 months in prison. He contends that the court erroneously believed that it could not impose a term of probation under the sentencing guidelines.

■■ The state argues that, because the sentence was within the presumptive range on the grid, it is not subject to review. ORS 138.222(2)(a). Defendant counters that we may review a claim that

> "[t]he sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence." ORS 138.222(4)(a).

The trial court, defendant contends, concluded that it had no authority to place him on probation. That, he argues, is an error of law, because the court can impose probation as a downward departure. Although we agree with defendant that, if the court was mistaken about its authority to impose a sentence, that would be reviewable, ORS 138.222(4)(a), we do not agree that the trial court was mistaken. The court, in its oral colloquy at sentencing, hinted that it would like to put defendant on probation; however, it finally determined that there were no mitigating factors that justified a downward departure. We do not read the court's ambivalence as a conclusion that it had no authority to impose probation. The claim of error is not reviewable.

Affirmed.